**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **NICOLE E. JONES,** ) | **CASE NO. 5:12CV2658** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY ADMINISTRATION,** ) | |
| Defendant. ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon Plaintiff's Objections (ECF DKT #19) to the Report and Recommendation (ECF DKT #18) of Magistrate Judge McHargh, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 4161 (I) and 423. For the following reasons, the Court ADOPTS Magistrate Judge McHargh's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claim.

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's

1

Report and Recommendation provides a more complete and detailed discussion of the facts.  Due to the nature of this case, there is an extensive medical background.  For a complete overview of Plaintiff's medical history, see Magistrate Judge McHargh's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On July 8, 2009, Plaintiff filed an Application for a Period of Disability and Disability Insurance benefits, alleging that she became disabled on October 30, 2004, due to suffering from post-traumatic stress disorder (PTSD), panic attacks, anxiety, depression, and endometriosis.   The Social Security Administration denied Plaintiff's application on initial review and upon reconsideration.  Plaintiff filed an Application for Reconsideration on  July 26, 2010.  Plaintiff's date last insured ("DLI") for disability insurance benefits was June 30, 2009.   Plaintiff requested a hearing before an administrative law judge ("ALJ") to contest the denial of her application.  A hearing was held on June 1, 2011.  Plaintiff was represented by counsel and testified before the ALJ.  On June 27, 2011, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled during the relevant period, which spanned from October 30, 2004 to June 30, 2009.  Plaintiff requested review of the ALJ's decision from the Appeals Council of the Office of Disability Adjudication and Review.  The Appeals Council denied Plaintiff's request, making the ALJ's determination the final decision of the Commissioner.  Plaintiff now seeks judicial review of the ALJ's decision.

## DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act.  *See 42 U.S.C. §§ 423, 1381.*  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or

2

can be expected to last for a continuous period of not less than twelve (12) months." *See 20 C.F.R. §§ 404.1505, 416.905.*

## STANDARD OF REVIEW

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); see also *Richardson v. Perales*, 402 U.S. 389 (1971).

## LAW AND ANALYSIS

The Magistrate Judge determined that the decision of the Commissioner is supported by substantial evidence. Plaintiff asserts that the decision should be reversed, and that the Magistrate Judge incorrectly found that substantial evidence supports the finding that the testimony of Maureen Cooper, the treating health counselor, was given very little weight. On August 26, 2009, Ms. Cooper completed a report in connection with Plaintiff's application for disability. The report provided that Plaintiff's current diagnoses were severe PTSD and major depressive disorder, concluding that Plaintiff's symptoms responded somewhat to treatment, but given the severity of her past, she will likely need years of treatment.

Under the Social Security Regulations, only opinions from particular sources can establish the existence of an impairment or be given controlling weight. *20 C.F.R. 404.1513(a); SSR 06-03p.* These sources are labeled as "acceptable medical sources,"

3

and generally refer to licensed physicians, psychologists, optometrists, podiatrists, and pathologists.  *20 C.F.R. § 404.1513(a)*.  Although mental health counselors do not fall under the Regulations' definition of an acceptable medical source, an ALJ should consider evidence from other medical professionals because such evidence may provide information regarding the severity of a claimant's impairment*.  20 C.F.R. § 404.1513(d)(1); SSR 06-03p;  Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 540-42 (6th Cir. 2007)*.  Furthermore, Social Security Ruling 06-03p confirms that "although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from 'acceptable medical sources,' these same factors can be applied to opinion evidence from 'other sources.'"  *SSR 06-03p.*  Those factors include: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment(s); and any other factors that tend to support or refute the opinion. *Id.*

In this case, the ALJ's decision includes a reasoned explanation supported by the record for not fully crediting Ms. Cooper's opinions.  The ALJ properly considered the requisite factors under 20 CFR 404.1527(d), and noted the lack of substantiating objective evidence and the inconsistency between Ms. Cooper's testimony, August 2009 report, and treatment notes.  The Magistrate Judge points out that the ALJ noted in her evaluation of Ms. Cooper's opinions that Ms. Cooper's treatment notes include little objective or clinical evidence supporting her opinion that Plaintiff's mental disorders preclude her ability to work.

In Plaintiff's Objections to Magistrate's Report and Recommendations, Plaintiff asserts that the entire case rests on the credibility of Ms. Cooper's statements, and that Ms. Cooper's opinions should have been granted greater weight.  The Court agrees with

4

the Magistrate Judge that Ms. Cooper's testimony and treatment notes were not clear regarding Plaintiff's dissociative episodes. The Magistrate Judge indicates that when questioned about the lack of correlation between her treatment notes and testimony, Ms. Cooper's only justification was that she does not keep detailed notes. The Magistrate Judge correctly determined that the ALJ provided reasonable justifications for discrediting Ms. Cooper's opinions. The ALJ noted that Ms. Cooper did not refer Plaintiff to the emergency room or hospital in the presence of symptoms as severe as those alleged. The Court finds that the Commissioner's decision regarding Ms. Cooper's credibility is supported by substantial evidence.

Plaintiff also objects to the Magistrate's finding that the ALJ's determination that Plaintiff's impairments did not meet Listings 12.04 or 12.06 was supported by substantial evidence. "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

The paragraph "B" criteria of these listings require "at least two of the following:"

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B).

The Magistrate Judge noted in the Report and Recommendation that the ALJ was reasonable in determining that Plaintiff had only a mild restriction in her activities of daily living. Plaintiff prepared meals, went grocery shopping, performed household chores, drove her children to school and herself to appointments. The ALJ found that Plaintiff had only mild difficulties in social functioning, left home daily and socialized with others, and described a wonderful relationship with her husband. The Magistrate Judge noted in the

5

Report and Recommendation that the ALJ reasonably found only moderate difficulties in concentration, persistence, and pace.  Ms. Cooper testified that Plaintiff was still able to function during alleged episodes of dissociation.  The ALJ found that Plaintiff did not experience repeated episodes of decompensation.  The Court agrees with the Magistrate Judge's conclusion that the ALJ 's decision that Plaintiff failed to meet Listings 12.04 or 12.06 was supported by substantial evidence.

In Plaintiff's Objections to Magistrate's Report and Recommendations, Plaintiff contends that Ms. Cooper noted that Plaintiff had marked restrictions in daily activities and social functioning at times.  However, the ALJ noted that Plaintiff still left her home on a daily basis, spoke with her mother on the phone and occasionally visited with other family members, and enjoyed reading and writing.  Therefore, the Court agrees with the Magistrate Judge that remand on this ground is not warranted.

In his Report and Recommendation, the Magistrate Judge found that Plaintiff failed to meet her burden that substantial evidence did not support the ALJ's credibility determination.   The ALJ is responsible for making decisions regarding the credibility of witnesses.  "An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the] ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (*citing Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).  Notwithstanding, the ALJ's credibility finding must be supported by substantial evidence, *Walters*, 127 F.3d at 531, as the ALJ is "not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.' "  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (quoting SSR 96-7p).

In Plaintiff's Objections, she contends that the numerous small errors erode the larger conclusion of the ALJ in regards to the credibility issue.  For example, Plaintiff

asserts that although she recovered from a difficult childhood, it does not mean she recovered enough to work.  Plaintiff asserts that although she accomplished a great deal later in life, she still experiences debilitating psychiatric symptoms.  However, the ALJ found that Plaintiff's allegations regarding the severity of her limitations less than credible.  The ALJ noted that objective medical evidence did not support Plaintiff's allegations of disabling symptoms, given that medical doctors did not impose limitations on the basis of mental or physical impairments.  The Report and Recommendation details Plaintiff's activities of daily living that undermine the severity of her complaints.  Therefore, the Court finds that the Magistrate Judge correctly concluded that substantial evidence supports the ALJ's credibility determination.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit, and the Commissioner's decision denying Plaintiff's Application for a Period of Disability and Disability Insurance is supported by substantial evidence.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #18) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**
**DATE: 12/19/13**

        **s/Christopher A. Boyko**
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**